United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Vanessa Chin, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 18-62692-Civ-Scola |
| North Broward Hospital District ) | |
| d/b/a Broward Health, Defendant. ) | |

### Order on Defendant's Motion to Dismiss
### Counts V and VIII of Plaintiffs' Amended Compliant

This matter is before the Court on Defendant's motion to dismiss Counts V and VIII of the Plaintiff's amended complaint. (ECF No. 12.) The Plaintiff timely responded (ECF No. 15) and the Defendant replied (ECF No. 16.) Upon review of the record, the relevant caselaw, and the parties' submissions, the Court **grants** the Defendant's motion. (**ECF No. 12**.)

### I.   Background

Plaintiff Vanessa Chin filed an eight-count complaint against the Defendant alleging that she was discriminated against because of her disability in violation of federal, state, and municipal law. (ECF No. 11.) Counts V and VIII assert claims under the Broward County Human Rights Act. *See* Broward Cty. Code of Ordinances, Chapter 16½. The Defendant moves to dismiss these two counts arguing that there is no private right of action under Chapter 16½ of the Broward County Human Rights Act (the "Act"). (ECF No. 12 at ¶ 4.) The Plaintiff, in response, argues that the Act provides a "non-exclusive" venue to resolve an employee's discrimination claim and she should be allowed to proceed with Counts V and VIII. (ECF No. 15 at 1.)

### II.   Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. Analysis

The question before the Court is whether the Act creates a private cause of action for discrimination on the basis of a disability. "In determining whether a statute permits an implied cause of action, Florida courts generally look at the express language of the statute and then to the legislative intent at the time of its enactment." *Betancourt v. Margaritaville Hollywood Beach Resort, L.P.*, No. 18-cv-62538, 2019 U.S. Dist. LEXIS 55659, at *11 (S.D. Fla. March 29, 2019) (Dimitrouleas, J.) (internal citations and quotations omitted). The Eleventh Circuit is reluctant to "read private rights of action in state laws where state courts and state legislatures have not done so." *Id.* at *12. *See also McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 723 (11th Cir. 2002).

Chapter 16½ of the Act was enacted to protect individuals within Broward County from discrimination on the basis of a number of protected grounds, including disability. The Act creates a Human Rights Board and an administrative process through which aggrieved individuals may bring complaints to the Board. "An aggrieved person may, not later than (1) year after an alleged discriminatory practice has occurred or terminated, file a complaint with the Human Rights Section alleging a discriminatory employment practice based on a Human Rights Act classification. . . ." Broward Cty. Code, Sec. 16½-44. The Act provides a detailed procedure for the Board's timely investigation of the complaint and final determination. *See id.* at Sec. 16½-44 – 16½-49. The Act also provides for conciliation efforts, *id.* at Sec. 16½-45, and hearing procedures, *id.* at Sec. 16½-48. Once the Board issues a final determination, any party "shall have the right to petition for judicial review of the Board's final order by filing a writ of certiorari to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida." *Id.* at Sec. 16½-51.

"[N]owhere in this extensive administrative scheme is a private right of action explicitly provided for." *Betancourt,* 2019 U.S. Dist. LEXIS 55659 at *13. The Act contemplates that the aggrieved individual may file a complaint with the Board, and after investigation and determination by the Board, file a writ of certiorari in state court if the individual is not satisfied with the outcome. Notably, the Act provides a different remedy for individuals that have been the victims of *housing* discrimination. "An aggrieved person may file a civil action alleging a discriminatory housing practice **regardless** of whether the person has filed a complaint alleging such discriminatory housing practice under this Act[.]" Broward Cty. Code Sec. 16½-53(d) (emphasis added). As it did in the case of housing discrimination, "[h]ad the County intended a judicial remedy in addition to the administrative one, it would have so expressly stated." *Betancourt,* 2019 U.S. Dist. LEXIS 55659 at *13. Therefore, the Court holds that the Act does not provide a private cause of action for discrimination on the basis of disability. *See id.* (holding that the Act's "administrative scheme is the only mechanism for resolving gender-based employment discrimination disputes[.]")

**IV.   Conclusion**

Accordingly, the Court **grants** the Defendant's motion (**ECF No. 12**) and dismissing Counts V and VIII of the First Amended Complaint with prejudice.

**Done and ordered**, in chambers, in Miami, Florida on May 17, 2019.

Robert N. Scola, Jr.
United States District Judge